UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| DEWAYNE BOYKINS<br>ADC #095425 | PETITIONER |
| V.   Case No. 4:23-CV-01200-DPM-BBM | |
| DEXTER PAYNE, Director<br>Arkansas Division of Correction | RESPONDENT |

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.   BACKGROUND

On December 18, 2023, Petitioner Dewayne Boykins ("Boykins"), a prisoner in the Tucker Maximum Security Unit of the Arkansas Division of Correction, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his state court convictions for: (1) possession of a controlled substance (cocaine) and (2) simultaneous possession of drugs and firearms. (Doc. 1). This is Boykins' second § 2254 habeas action challenging the same judgment; this district court dismissed his first habeas

petition on the merits. *See* Order Adopting As Modified Report and Recommendations (Doc. 16), *Boykins v. Hobbs*, Case No. 5:13-CV-00218-DPM-HDY (E.D. Ark. Mar. 18, 2014). For the reasons discussed below, the Court recommends that this action be dismissed, *sua sponte*, for lack of subject matter jurisdiction. 28 U.S.C. § 2244(b)(3)(A).

**II.   DISCUSSION**

After conducting the required initial review of a § 2254 habeas petition, a federal court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, RULES GOVERNING § 2254 CASES IN THE UNITED STATES DISTRICT COURTS. As part of this initial review, the court is obligated to decide whether it has subject matter jurisdiction. *See Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("[F]ederal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*.").

A petition is "second or successive" when it challenges the same judgment as a previous habeas petition by the same Petitioner. *Magwood v. Patterson*, 561 U.S. 320, 331 (2010). Only an appropriate court of appeals has the authority to permit a petitioner to file a successive § 2254 habeas action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Boykins acknowledges that, because his first § 2254 habeas petition challenged the same judgment and was dismissed with prejudice, he would normally be required to seek permission from the Eighth Circuit before filing a successive habeas petition. (Doc. 2 at 1–

2

2). Boykins believes, however, that *Cullen v. Pinholster*, 563 U.S. 170 (2011), allows him to file this new petition without seeking permission from the Eighth Circuit. *Id*. at 2. This is not so. *Cullen* does not abrogate the mandatory language in § 2244(b). Unless and until Boykins obtains the required authorization from the Eighth Circuit to file a successive habeas petition, this Court lacks subject matter jurisdiction over this action. *Burton v. Stewart*, 549 U.S. 147, 152–53, 157 (2007) (holding that, absent prior authorization, district courts lack jurisdiction to entertain a "second or successive" § 2254 habeas petition).

### III.   CONCLUSION

If Boykins wishes to present a second or successive habeas corpus application under § 2254, he must first obtain permission from the Eighth Circuit Court of Appeals. 28 U.S.C. § 2244. Because, as Boykins acknowledges, he did not seek the required permission before filing the above-captioned matter, this Court lacks jurisdiction to consider his Petition for Writ of Habeas Corpus.

IT IS THEREFORE RECOMMENDED that:

1. Boykins' Petition for Writ of Habeas Corpus (Doc. 1) be DISMISSED, without prejudice.

2. Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases in the United States District Courts, a Certificate of Appealability be DENIED.

DATED this 26th day of March, 2024.

_____
UNITED STATES MAGISTRATE JUDGE